IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LINDA ROLLINS** | * | **CIVIL ACTION NO. 08-0387** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **ST. JUDE MEDICAL, INC.** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

## MEMORANDUM RULING AND ORDERS

Before the court is a motion to strike filed by defendant St. Jude Medical, Inc. ("St. Jude") as well as motions to compel filed by defendant and plaintiff Linda Rollins ("Rollins"). The motions to compel are opposed but the motion to strike is not. For reasons set forth below, defendant's motion to strike (doc. # 119) is GRANTED, and defendant's motion to compel (doc. # 109) is GRANTED in part, and DENIED in part.[1]

## BACKGROUND

On February 20, 2007, Linda Rollins underwent an angiogram performed by Dr. J. Michael Barraza ("Dr. Barraza") at St. Francis Medical Center in Monroe, LA. Doc. # 1, Ex. 1 at ¶ 6. In her petition, plaintiff alleged that a medical device known as an Angio-Seal was used during the procedure and that there were "problems with the deployment of the Angio-Seal." *Id* at ¶ 7. After the procedure, Rollins developed a large hematoma in her right groin and complained of pain in her leg, whereupon she returned to St. Francis Medical Center and was

---

[1] As these motions are not among the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

rushed into emergency surgery, performed by Dr. Frank Sartor ("Dr. Sartor"), for a right external iliac to distal common femoral bypass with a Gore-Tex graft and a thrombectomy. *Id* at ¶ 9. According to Rollins, this procedure neither cleared the thrombus nor restored a pulse to the foot; therefore, a popliteal exploration was performed below the knee with selective thrombectomies on the posterior tib and anterior tibial vessels. *Id* at ¶¶ 9-10. In his operative report, Dr. Sartor noted that the Angio-Seal was sitting "in the middle of the artery" and that "there was a lot of damage to the common femoral artery." *Id*. at ¶ 10. Rollins contends that the Angio-Seal device was defective based on various theories of liability, and that the defect caused her injuries and damages. *Id.* at ¶ 12.

On March 24, 2008, defendants removed the case to federal court on the basis of diversity, 28 U.S.C. § 1332. Doc. # 1. Following removal, defendants filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), which by October 2008 resulted in two amended complaints and the dismissal of all but plaintiff's manufacturing defect claim and her claim that St. Jude's failure to comply with FDA reporting requirements resulted in the use of a defective Angio-Seal in her operation. *See* doc. #s 28-39. In April 2009, the parties agreed to dismiss various defendants and effectively substituted St. Jude Medical, Cardiology Division, Inc. d/b/a St. Jude Medical Cardiovascular Division, a wholly owned subsidiary of St. Jude Medical, Inc. as the sole defendant in this matter. *See* doc. #s 48-50.

In the meantime, on December 18, 2008, the court issued a scheduling order that set forth various deadlines in this matter. Doc. # 45. Discovery was to be completed by June 25, 2009. *Id.* at 4.

On June 26, 2009, St. Jude filed a motion for summary judgment seeking dismissal of plaintiff's remaining claims in no small part because of the failure of plaintiff's counsel to

2

produce any evidence within the discovery deadline to support Rollins' claims. Doc. # 53. On July 31, 2009, plaintiff filed her opposition to St. Jude's motion for summary judgment and attached *inter alia* an affidavit from Steven Jones, Ph.D. (Dr. Jones), a professor of biomedical engineering at Louisiana Tech University. Doc. #67; Doc. 67, Exs. B-C. On August 7, 2009, plaintiff then filed a motion to reopen discovery and to continue the hearing on the motion for summary judgment in order to render Dr. Jones' affidavit, which plaintiff had produced after the discovery deadline, a timely submission. Doc. #69. This court granted plaintiff's motion, in large part because plaintiff's claims would not survive St. Jude's motion for summary judgment without the admission of Dr. Jones' affidavit. *Id.* at 9-10.

This court subsequently issued a revised scheduling order on August 27, 2009. Doc. # 84. Discovery was to be completed by January 28, 2010, with any motion to compel due by the same date. *Id.* at 4.

On December 14, 2009, St. Jude produced supplemental responses to plaintiff's interrogatories and document requests. Doc. # 116, Ex. 6. Among the documents that St. Jude produced were the Device History Records for the two manufacturing lots - 1240915 and 0004920 - that the St. Francis Medical Center corporate designee identified as the most likely sources of the particular Angio-Seal that was used in plaintiff's operation. *Id.* at 3; Doc. # 109 at 4.

On January 28, 2010, St. Jude filed its motion to compel. Doc. # 109. St. Jude seeks to compel plaintiff to identify the manufacturing defect that allegedly caused Rollins' injuries and also to provide copies of any documents or evidence which support plaintiff's manufacturing defect claim. *Id.* at 6-7. In addition, St. Jude seeks to compel plaintiff to supplement her discovery responses regarding an expert report by Dr. Jones in order to bring the report into

compliance with Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure and also to produce an affidavit by Dr. Barraza that Dr. Jones referenced in his expert report. *Id.* at 7-9.

On February 25, 2010, Rollins filed her own motion to compel. Doc. # 116. Rollins seeks to compel St. Jude to provide additional responses for several interrogatories and document requests to which she alleged St. Jude had provided deficient responses. *Id.* at 5-6.

On February 26, 2010, St. Jude filed a motion to strike plaintiff's motion to compel. Doc. # 119. St. Jude emphasizes that Rollins' motion to compel was filed roughly one month after the deadline for motions to compel set by the August 27, 2009 revised scheduling order and that plaintiff never sought permission to extend this deadline. *Id.* at 2.

All three motions are now before the court.

## DISCUSSION

### I. Defendant's Motion to Strike

Pursuant to this court's August 27, 2009 revised scheduling order, the deadline for discovery and to file motions to compel was January 28, 2010. Although counsel for plaintiff notified the court staff on January 5, 2010 that they intended to file a motion to compel (doc. # 108), the motion was not filed until February 24, 2010. St. Jude subsequently filed its motion to strike Rollins' motion to compel as untimely. Doc. # 119.

Federal Rule of Civil Procedure 16(b)(4) provides that "a schedule may be modified only for good cause and with the judge's consent." In the context of an untimely motion to compel, courts consider multiple factors to determine whether the motion should be permitted, including "(1) the length of time since the expiration of the deadline, (2) the length of time that the moving party has known about the discovery, (3) whether the discovery deadline has been extended, (4) the explanation for the tardiness or delay, (5) whether dispositive motions have been scheduled or

4

filed, (7) the age of the case, (8) any prejudice to the party from whom late discovery was sought, and (9) disruption of the court's schedule." *See Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 398 (N.D. Tex.2006) (compiling cases).

Several of the these factors counsel in favor of granting St. Jude's motion to strike. For example, plaintiff has not even attempted to explain why her motion to compel was untimely. Plaintiff did not file a brief in opposition to St. Jude's motion to strike, nor did plaintiff provide the court with an explanation for the delay in her memorandum in support of her own motion to compel. Furthermore, the deadline that plaintiff failed to observe in filing her untimely motion to compel was a deadline set by a revised scheduling order which had been revised in large part because of the failure of plaintiff's counsel to meet discovery deadlines set by the original scheduling order. In addition, plaintiff filed her motion to compel nearly one month after the deadline set by the revised scheduling order for motions to compel, despite clearly knowing about the discovery issue well before the deadline, and informing the court that a motion to compel would be filed.

While one or two of the *Days Inn* factors counsel arguably weigh against granting St. Jude's motion to strike: there is no basis for a clear finding that St. Jude will be significantly prejudiced or that any delay will necessitate a continuance of the present trial date, on the whole, the factors weigh in favor of granting the motion.

There has been no showing that the supplemental responses sought by the plaintiff are essential to her claim, or that the discovery she seeks from St. Jude are essential to proving her claims or identifying the alleged manufacturing defect.

Accordingly, under the circumstances of this case, plaintiff's motion to strike is **GRANTED.**

**II. Motions to Compel**

    **A. Standard of Review**

The purpose of Federal Rule of Civil Procedure 37 is to provide a mechanism by which Rules 26 to 36 can be made effective.  8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2108 (1970).  To that end, Rule 37(a)(3) authorizes a party to move for an order compelling discovery if, *inter alia*, a party fails to answer an interrogatory under Federal Rule 33 or fails to respond to a document request under Federal Rule 34.

In construing a motion to compel, a court must take into account that discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials."  *Herbert v. Lando*, 441 U.S. 153, 176 (1979).  Nevertheless, "discovery, like all matters of procedure, has ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Thus, Federal Rule of Civil Procedure 26(b)(1) provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ."  Rule 26(b)(1) clarifies that "relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Finally, a court may limit "the frequency or extent of discovery" if it determines that (i) "the discovery sought is unreasonably cumulative or duplicative . . . ; (ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . ."  FED. R. CIV. P. 26(b)(2)(C).

    **B. Defendant's Motion to Compel**

        **1. Discovery Relating to Manufacturing Defect**

St. Jude first seeks to compel Rollins to identify the manufacturing defect that allegedly

caused her injuries and to provide copies of any documents or evidence which support her manufacturing defect claim.

In support of its motion, St. Jude has provided the court with plaintiff's responses to interrogatories and document requests that St. Jude sent plaintiff in January 2009. Doc. # 109, Ex. 2. In Interrogatory 4, St. Jude specifically asked plaintiff to "describe in detail and with particularity all facts which support or otherwise substantiate Rollins' claim that Defendants failed to manufacture the Medical Device . . . in accordance with FDA specifications . . . ." *Id.* at 21. Instead of describing the nature of the manufacturing defect that allegedly caused her injuries, plaintiff noted that Dr. Barraza had "commented that there had been multiple other cases" of Angio-Seals with manufacturing defects at St. Francis Medical Center which had been "so significant that a representative of [St. Jude] flew in and picked up the remaining Angio-Seal devices." *Id.* Plaintiff then asserted that "the only logical explanation is that these devices were not manufactured in accordance with the FDA." *Id.* Furthermore, in response to St. Jude's Document Request 2, which sought the production of "all documents concerning any claim by Plaintiff that Defendants failed to manufacture the [Angio-Seal] in accordance with the requirements of FDA," plaintiff apparently did not produce any documents at all.[2] *Id.* at 30-31.

Plaintiff's discovery responses confirm that she has not identified the manufacturing defect

---

[2] Plaintiff's response to document request 2 was, "See articles in possession of plaintiff at this time, including those from the FDA." Doc. # 109, Ex. 2 at 31. However, St. Jude contends, and plaintiff does not dispute, that plaintiff did not attach to its discovery responses the "articles" referenced in its answer to document request 2. In its motion to compel, St. Jude states, "Plaintiff has not provided the majority of documents responsive to [St. Jude's] Request for Production of Documents. Though allegedly attached to the written discovery responses, they were not and have not since been produced. These documents include those supporting or substantiating Plaintiff's various claimed damages . . . and much other 'information' and 'documentation' 'in plaintiff's possession at this time.'" Doc. # 109.

that allegedly caused her injuries. This information is highly relevant. Accordingly, St. Jude's motion to compel plaintiff to (1) identify the manufacturing defect that allegedly caused plaintiff's injuries and (2) provide copies of any documents or evidence which supports plaintiff's manufacturing defect claim is granted.

### 2. Discovery Relating to Dr. Jones' Expert Report

Rule 26(a)(2)(B) governs the disclosure of written reports by expert witnesses. Under the rule, expert reports must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

In its motion to compel filed on January 28, 2010, St. Jude sought an order requiring plaintiff to bring Dr. Jones' expert report into compliance with Rule 26(a)(2) on elements (ii)-(vi) of Rule 26(a)(2)(B). However, on February 24, 2010 - nearly one month after the discovery deadline set by the revised scheduling order - plaintiff provided St. Jude with a revised expert report by Dr. Jones. Doc. # 118, Ex. 2 at 2. Accordingly, on February 26, St. Jude notified the court that it only sought to bring Dr. Jones' report into compliance with Rule 26(a)(2) on

elements (ii) and (iii) of Rule 26. *Id.* St. Jude specifically sought to compel plaintiff to itemize the data upon which Dr. Jones relied in writing the report and to provide the "Affidavit of Dr. Barraza" that is referenced in the report. *Id.*

On March 30, 2010, this court ordered the parties to produce the revised report of Dr. Jones which had been mentioned in the parties' briefings but had not been provided to the court. Doc. # 128. In response to this order, St. Jude provided the court with three documents - Dr. Jones' revised report, Dr. Jones curricular vitae, and the "Draft Affidavit" of Dr. Barraza that Dr. Jones references in his report - that plaintiff sent St. Jude on February 24, 2010. Doc. # 131, Ex. A at 2. On the first page of his revised expert report, Dr. Jones lists five sources which he claims are the "materials that have been used in formulating this opinion." *Id.* at 3.

Given that plaintiff's February 24, 2010 correspondence with St. Jude included the production of a copy of Dr. Jones' revised report that provides an itemization of the sources upon which he relied in writing the report as well as the production of the affidavit of Dr. Barraza that is referenced in the report, it is not readily discernible why St. Jude still claims that Dr. Jones' report does not meet all the requirements of Federal Rule 26(a)(2)(B).[3] Accordingly, St. Jude's

---

[3] In its January 28, 2010 memorandum in support of its motion to compel, St. Jude states the following regarding the Dr. Barraza affidavit:

> Dr. Barraza's attorney ultimately provided [St. Jude] with two Affidavits purportedly of Dr. Barraza. Plaintiff's counsel prepared both drafts, the first of which Dr. Barraza refused to sign. Dr. Barraza required modifications to the Affidavit Plaintiff's counsel drafted and ultimately signed an Affidavit on January 22, 2010. Despite repeated requests, Plaintiff's counsel never provided [St. Jude] with copies of either the 'draft' or the executed Barraza Affidavits."

Doc. # 109 at 8 n.10. On February 24, 2010, plaintiff's counsel provided St. Jude's counsel with "a copy of the Draft Affidavit of Dr. J. Michael Barraza referred to in the report dated January 8, 2010 of Dr. Steven A. Jones." This "Draft Affidavit" was

9

motion to compel Rollins to bring Dr. Jones' expert report into compliance with Rule 26(a)(2)(B) is denied as moot.

**III. Sanctions**

St. Jude argues that it is entitled to sanctions because of plaintiff's untimely production of Dr. Jones revised report. Doc. # 123 at 4. Furthermore, St. Jude seeks "additional sanctions as the Court deems just and equitable including attorney's fees" in light of the apparent inability of plaintiff's counsel to comply with this court's discovery deadlines. *Id.*

Rule 37(a)(5)(A) requires the award of reasonable expenses, including attorney's fees, if the court grants the motion to compel or if the requested discovery is provided after the motion was filed unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

In this case, plaintiff has a history of dilatory responses to discovery, and a failure to comply with the scheduling orders of the court, and the response to defendant's motion to compel was inadequate to explain the delays in this instance. **Therefore, attorney's fees in the amount of $1,000.00 are hereby awarded to defendant, amount to be paid within 15 days of the date of this order, with proof of payment filed in the record of these proceedings within 30 days of the date of this order.**

---

apparently not signed by Dr. Barraza. *See* Doc. # 131, Ex. 1 at 12. Nevertheless, for purposes of Rule 26(a)(2)(B)(iii), which only requires a party who submits an expert report to produce the exhibits upon which the expert relied in forming her opinions, the "Draft Affidavit" is sufficient.

## CONCLUSION

For the above assigned reasons,

**Defendant's motion to strike (doc. # 119) is GRANTED**, and Plaintiff's motion to compel (doc. # 116) is **HEREBY ORDERED TO BE STRICKEN FROM THE RECORD IN THESE PROCEEDINGS IMMEDIATELY**.

Defendant's motion to compel (doc. # 109) is **GRANTED in part, and DENIED** in part. Defendant's motion to compel is GRANTED to the extent that it seeks to compel plaintiff to (1) identify the manufacturing defect that allegedly cause plaintiff's injuries; and (2) provide copies of any documents or evidence which supports plaintiff's claim of a manufacturing defect. Defendant's motion to compel is DENIED AS MOOT to the extent that it seeks plaintiff to (1) bring Dr. Jones' revised report into compliance with Rule 26(a)(2); and (2) produce the version of the Dr. Barraza Affidavit upon which Dr. Jones relied in preparing his report.  **Plaintiff's supplemental responses are due no later than 15 days from the date of this order.**

IT IS SO ORDERED.

THUS DONE AND SIGNED in Chambers at Monroe, Louisiana, this 28th day of April, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE