IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **LINDA ROLLINS** | * | **CIVIL ACTION NO. 08-0387** |
| **VERSUS** | * | **JUDGE DONALD E. WALTER** |
| **ST. JUDE MEDICAL, INC.** | * | **MAGISTRATE JUDGE KAREN L. HAYES** |

**MEMORANDUM RULING AND ORDER**

Before the undersigned magistrate judge, on reference from the district court, is a motion to consolidate (doc. # 127) the above-captioned case with *Marie Burch et al. v. St. Jude Medical, Inc.*, Civil Action Number 08-1615 (W.D. La.).[1]

Rule 42(a) provides that,

> [w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

FED. R. CIV. P. 42(a).

Rule 42(a) is permissive, and consolidation lies within the discretionary authority of the court. *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1013-14 (5th Cir. 1977) (citations omitted). "[I]t is for the court to weigh the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that it would cause." *Daybrook Fisheries, Inc. v. American Marine Const.*, 1998 WL 748586, at *2 (E.D. La.

---

[1] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Oct. 19, 1998) (quoting 9 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 2383 at 439 (2nd ed.1995)).  Consolidation is properly denied where suits are at different stages of preparation, the transactions forming the basis of the suits are entirely separate, or where consolidation would prejudice the rights of the parties involved.  *See, Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 762 (5th Cir. 1989); *Alley v. Chrysler Credit Corp.*, 767 F.2d 138, 140 (5th Cir. 1983); and *St. Bernard Gen. Hosp., Inc. v. Hos. Serv. Ass'n of New Orleans, Inc.*, 712 F.2d 978, 989-90 (5th Cir. 1983).

Both cases at issue here stem from injuries sustained by plaintiffs as a result of allegedly defective Angio-Seal devices manufactured by St. Jude Medical, Inc.  While the cases appear to be superficially similar, close analysis reveals material differences that foreclose consolidation.  For example, the two cases involve entirely different models of the Angio-Seal.  The Angio-Seal used in *Rollins* was a 6F STS Plus Angio-Seal vascular closure device, whereas the Angio-Seal used in *Burch* was a 6F VIP Angio-Seal vascular closure device.  Furthermore, the two devices were deployed in different circumstances.  The 6F STS Plus device in *Rollins* was deployed following a cerebral angiogram, whereas the 6F VIP device in *Burch* was deployed following a cardiac catheterization.

The court further notes that the two cases are at different stages of trial preparation.  Trial is set for June 4, 2010 in *Rollins*.  In contrast, discovery in *Burch* will not be completed until June 3, 2010, and trial is set for October 12, 2010.  Consolidating the two cases would inevitably delay the trial date in *Rollins*, a case that has already been pending in federal court for more than two years.

In sum, any minimal gain from consolidation is outweighed by the significant differences

between the two cases and the delay to *Rollins* that would result from consolidation.

For the reasons expressed above,

Plaintiff's motion to consolidate (doc. # 127) is hereby DENIED.

THUS DONE AND SIGNED at Monroe, Louisiana, this 28th day of April, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE