

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

MAY 26 2010

TONY R. MOORE, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| LINDA ROLLINS | CIVIL ACTION NO. 08-0387 |
| VERSUS | DISTRICT JUDGE WALTER |
| ST. JUDE MEDICAL, ET AL. | MAGISTRATE JUDGE HAYES |

## MEMORANDUM RULING

Before this Court is a Renewed Motion for Summary Judgment [Record Document 139] filed on behalf of Defendant, St. Jude Medical, Cardiology Division, Inc. d/b/a St. Jude Medical, Cardiovascular Division ("St. Jude Medical").

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c)(2). The burden of proof in a summary judgment proceeding is on the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330, 106 S.Ct. 2548, 2556 (1986). If the motion is properly made, the non-movant "must set forth facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). Additionally, Local Rule 56.1 requires the moving party to file a statement of material facts as to which it contends there is no genuine issue to be tried. All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

In the present matter, Linda Rollins ("Rollins") has filed a Motion for Leave to File an Untimely Opposition [Rec. Doc. 152] to St. Jude Medical's Motion for Summary Judgment. Upon review this Court finds that the proposed Opposition is untimely and unconvincing. On

April 26, 2010, this Court issued a "Notice of Motion Setting" [Record Document 141] giving Rollins five (5) business days prior to the pretrial conference (which was set for May 13, 2010) to file an opposition to St. Jude Medical's Renewed Motion for Summary Judgment. They did not file an opposition until May 11, 2010.[1] Thus, because the material facts set forth by St. Jude Medical [Record Document 139-2] have not been controverted, there is no genuine issue of material fact for trial.

However, out of an abundance of caution, this Court has reviewed the Plaintiff's Opposition [Record Document 152]. Even if were not deemed untimely, the result would not be different. On May 18, 2010, this Court conducted a Daubert Hearing to determine whether or not the Plaintiff's sole expert witness could testify at trial. At the commencement of the Daubert Hearing, the Plaintiff stipulated to this Court that Dr. Jones, their proffered expert, would not testify at trial. At that point, the Plaintiff was only left with circumstantial evidence that the Angio-Seal™ placed in Rollins was defective. This circumstantial evidence is based on the testimony of her treating physician, Dr. Barazza. The Plaintiff appears to rely on the doctrine of *res ipsa loquitur* to save her from summary judgment. The Louisiana Supreme Court has made clear that "[a]pplication of the principle is defeated if an inference that the accident was due to a cause other than defendant's negligence could be drawn as reasonably as one that is was due to his negligence." *Cangelosi v. Our Lady of the Lake Regional Med. Cent.*, 564 So.2d 654, 660 (La. 1990). Given the evidence presented to this Court, the principle of *res ipsa loquitur* is defeated because an inference can reasonably be drawn that something other than a defect in the Angio-Seal™ caused Plaintiff's injuries.

---

[1] The Court notes for the record that this is not the first time that the Plaintiff has missed a filing deadline.

Accordingly, the Court finds there is no genuine issue of material fact and St. Jude Medical is entitled to judgment as a matter of law.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 25 day of May, 2010.

_____
DONALD E. WALTER
UNITED STATES DISTRICT JUDGE